UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ROBERT VANN,

                    Plaintiff,

v.                                             Case No. 18-2298-CM

HENDRICK AUTOMOTIVE GROUP, et al.,

                    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff's amended complaint alleges this federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse. However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys.,*

*Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the amended complaint does not indicate the principal places of business for the corporate defendants. The complaint is similarly silent as to the identity and citizenship of the individual members of the limited liability company, general partnership, and limited partnership. Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

**IT IS THEREFORE ORDERED** that by **January 15, 2019,** the parties file a joint status report, with affidavits attached, demonstrating the citizenship of each of the defendants and showing cause why this case should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated December 18, 2018, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge